RECEIVED
IN MONROE, LA

OCT 0 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-30047 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JOHN E. MCINTYRE | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Upon consideration,

IT IS HEREBY ORDERED that Defendant's Motion for Clarification of Sentence [Doc. No. 36] is DENIED. First, the Court notes that the Bureau of Prisons calculates a defendant's credit for any time served in federal custody prior to sentencing.

Second, to the extent Defendant asserts a claim for time served, pursuant to 28 U.S.C. § 2241, his claim must be denied. United States v. Mares, 868 F.2d 151 (5th Cir. 1989) (per curiam). Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." However, a defendant held at a federal detention facility is not "in custody" for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum. See Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus ad prosequendum does not alter prisoner's custody status, but merely changes location of custody); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Additionally, under 18 U.S.C. § 3585(b)(2), any state time that Defendant served before his federal sentencing would not be credited towards his federal sentence because a defendant is credited only for the following:

any time he has spent in official detention prior to the date the sentence commences-

(1)     as a result of the offense for which the sentence was imposed; or(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b); see also McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993).

Defendant was not "in custody" at any time prior to his sentencing because his presence in federal court was secured through a Writ of Habeas Corpus Ad Prosequendum. Further, because Defendant received credit toward his state sentence during this period, he may not receive credit toward his federal sentence. See Arzate-Cornejo v. Miles, No. 00-50569, 244 F.3d 137, 2000 WL 1901629 at *1 (5th Cir. Dec. 13, 2000) Accordingly, Defendant is not entitled to the credit requested.

MONROE, LOUISIANA, this 2nd day of October, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE